FILED
FEB 1 8 2014
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Alexander Otis Matthews,            )
                                    )
    Plaintiff,                      )
                                    )
    v.                              )    Civil Action No. 14-248
                                    )
Michael Richard Pauze,              )
                                    )
    Defendant.                      )
_____)

MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* Complaint and application to proceed *in forma pauperis*. The Court will grant plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff, a prisoner at the Federal Prison Camp in Berlin, New Hampshire, sues the then-Assistant United States Attorney who prosecuted him for mortgage fraud in the United States District Court for the District of Maryland, prior to the case being transferred to the Eastern District of Virginia. Compl. ¶¶ 2-3. Plaintiff alleges that defendant "knew . . . as early as [his] initial appearance" that plaintiff's defense counsel had also represented the plaintiff's co-

1

defendant who "became the government's chief witness against the [plaintiff]" but failed to notify the court of the conflict. *Id.* ¶¶ 4, 7. Plaintiff wants this Court to "appropriately discipline the [defendant] for his actions . . . ." *Id.* at 9.

The complaint neither presents a federal question nor pleads the requisite amount in controversy to establish diversity jurisdiction, and the authority to discipline attorneys under the supervision of this Court (not alleged to be the case here) is conferred upon the Committee on Grievances. LCvR 83.14; *see* LCvR 83.12 ("Rules of Disciplinary Enforcement"); LCvR 83.16(d) (lodging a complaint of misconduct). Hence, this case will be dismissed. A separate Order accompanies this Memorandum Opinion.

/s/ Ellen S. Huvelle
United States District Judge

DATE: February 3, 2014